**Stanley DEWBERRY,
Plaintiff-Appellant,**

v.

**Dave CURTIS and the Lawrence County
Bank, Defendants-Appellees.**

Supreme Court of Tennessee,
at Nashville.

Dec. 16, 1985.

David Comer, Lawrenceburg, for plaintiff-appellant.

Wayne F. Hairrell, Lawrenceburg, for defendants-appellees.

OPINION

BROCK, Justice.

Plaintiff, Dewberry, sues to recover the balance due on a contract for the erection of a steel structure on property belonging to the defendants. Plaintiff also asserts a

mechanic's lien to secure payment of the balance owed in the amount of $2,017.00. The trial court and the Court of Appeals held in favor of the defendants because the plaintiff did not hold a contractor's license at the time the work was done. We reverse.

In September or October, 1981, the plaintiff, Dewberry, contracted with the defendants for the erection of a metal building on the defendants' property. The contract stipulated that the plaintiff would be paid $0.70 per square foot for a total of $21,-420.00, plus $597.00 for additional labor. The concrete pad for the building had been poured by another contractor, the materials had been purchased through still another and the finishing work was to be completed by an additional contractor. The plaintiff's sole responsibility was to erect the steel structure.

There was no general contractor involved in the project; the defendant owners contracted separately with the plaintiff and others who made separate contracts for particular phases of the work involved in the total project. The total cost for the complete project was to be between $140,-000.00 and $150,000.00. The plaintiff performed as he agreed and the defendant paid him the sum of $20,000.00 but refused to pay the remainder owed under its contract with the plaintiff. No complaint was made regarding the plaintiff's performance and defendant justified its refusal to pay the balance owed to the plaintiff on the fact that he was not a licensed contractor.

The trial court held that, since the plaintiff was not a licensed general contractor and since the defendant was not a general contractor, the plaintiff could not recover on a contract theory but was limited to his actual documented expenses which the court found did not exceed the $20,000.00 already paid to him by the defendants. The Court of Appeals affirmed the decision of the trial court, relying upon the opinion of this Court in *Santi v. Crabb*, Tenn., 574 S.W.2d 732 (1978).

We conclude that *Santi* is not controlling and we reverse the judgments of the lower courts. Although the facts in the *Santi* case and the facts in this case are essentially the same, the controlling statute in effect at the time the facts in *Santi* occurred was quite different from the statute in effect at the time the facts in the instant case occurred.

Here, as in *Santi*, we have the owner of real estate who is not a general contractor but who proceeds to erect a structure on his land by employing other entities to do separate parts of the work and then seeks to avoid his contractual obligation to one or more of the persons thus employed on the ground that the latter is not licensed as a general contractor. However, the statute, T.C.A., § 62–601, as it was written at the time of *Santi*, provided:

> "But if the cost of the entire project exceeds twenty thousand dollars ($20,-000), then any person, firm or corporation engaged in any part of the construction such as plumbing, heating, wiring, decorating, painting and so forth, and contracting with the owner or his lessee, agent or representative, shall be treated as a general contractor in his line of work and shall be required to have a license hereunder."

That statute was construed by a majority of this Court in *Santi* as follows:

> "Respondent dealt with the owner. There was no general contractor. The cost of the entire project exceeded $20,-000.00. It necessarily follows that respondent was 'a general contractor in his line of work.'

> "It therefore results that respondent may not recover, his suit being precluded by his failure to have the required general contractor's license." 574 S.W.2d at 734.

The statute as it appeared at the time of *Santi* was repealed by Chapter 822 of the Public Acts of 1976; the statute as it appeared at the time the contracting in the instant case was enacted and became effective March 27, 1980. At the time the contract in the instant case was entered into in September or October, 1981, the statute,

designated in the code as T.C.A., § 62–602, provided as follows:

"For the purposes of this chapter:

(1) 'Contracting' shall mean undertaking, for a fixed price, fee, commission, or gain of whatever nature, to construct, erect, alter, or repair, or have constructed, erected, altered, or repaired, part or all of any structure, or private work or utility of any nature or character whatsoever, including railroads, municipal works, water supply systems, sewerage and drainage systems, levees, locks and dams, canals, industrial works, or any highway, road, bridge, or similar structure or project, where the cost of the completed work, or of different projects under a single contract, equals or exceeds fifty thousand dollars ($50,000). However, the term 'contracting' shall not include:

(a) subcontracting, unless, a subcontract involves: (i) fifty thousand dollars ($50,000) or more of electrical work; (ii) fifty thousand dollars ($50,000) or more of plumbing work; or (iii) fifty thousand dollars ($50,000) or more of heating, ventilating or air conditioning work.

(b) Undertaking in one's county of residence solely to construct residences or dwellings on private property for the purpose of resale, if such county has a population of sixty thousand (60,000) or less according to the U.S. Census Population of 1970 or any subsequent federal census.

(2) 'Contractor' shall mean any person, firm, or corporation who engages or offers to engage in contracting."

By enacting the 1980 Act the legislature rewrote the statute and dropped the language upon which the *Santi* decision rested, *viz.:*

"... if the cost of the entire project exceeds twenty thousand dollars ($20,-000), then any person, firm or corporation engaged in any part of the construction ... and contracting with the original owner ... shall be treated as a general contractor in his line of work and shall be required to have a license hereunder."

This new statute, the 1980 Act, when compared with the old and considered in the light of the *Santi* decision, indicates to us that the legislature knew how to include a person who is engaged to perform a limited aspect of a larger project for an owner within its definition of a general contractor but chose not to do so unless the price of the work agreed to be performed by that particular contractor exceeds $50,-000.00. We construe the language of the 1980 Act to mean that those, such as the plaintiff herein, who have contracts to perform portions of larger projects which portions do not exceed $50,000.00 are not required by the Act to have general contractor's license even when the total cost of construction of all of those who work on the project exceeds $50,000.00. We think this to be the plain import of the language:

"... where the cost of the completed work or of different projects under a single contract, equals or exceeds fifty thousand dollars ($50,000)."

This construction of the 1980 Act means that although the total construction project in this case exceeded $50,000.00, being between $140,000.00 and $150,000.00, since the plaintiff's "different project under a single contract" did not equal or exceed $50,000.00, he was not required by the Act to have a general contractor's license and is entitled to recover the full amount owed to him according to the terms of his contract.

We, therefore, reverse the judgment of the Court of Appeals and that of the trial court and remand this cause to the trial court for further proceedings consistent with this Opinion.

Costs incurred on appeal are taxed against the appellees.

COOPER, C.J., and FONES, HARBISON, and DROWOTA, JJ., concur.